EDWIN S. READ *vs.* WILLIAM HUBER.

Suffolk.    November 10, 1937. — November 13, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Limitations, Statute of.*

An action of tort against a city employee for his negligence in operating a city truck was barred by G. L. (Ter. Ed.) c. 260, § 4, as amended by St. 1934, c. 291, § 4, if it was not commenced within one year next after the cause of action accrued, although the operation of the truck was not on a public way.

TORT.    Writ in the Municipal Court of the City of Boston dated January 13, 1937.

The action was heard by *Riley, J.*

*M. E. Gallagher, Jr.,* for the plaintiff.

*E. K. Nash,* Assistant Corporation Counsel, for the defendant.

FIELD, J.    This is an action of tort to recover compensation for personal injuries sustained by the plaintiff.    The writ was dated January 13, 1937.    There was a finding for the defendant in the Municipal Court of the City of Boston. A report to the Appellate Division was dismissed and the plaintiff appealed.

The plaintiff was injured on May 1, 1935, more than a year before the action was commenced, in a city yard of the city of Boston (not a public way), while engaged in loading a motor truck, owned by the city of Boston, as a result of negligent operation of this truck by the defendant, an employee of the city.    These facts are not now in controversy.    The question presented for decision is whether on these facts the action was barred by G. L. (Ter. Ed.) c. 260, § 4, as amended by St. 1934, c. 291, § 4.

We think that the action was so barred.    It is clearly within the terms of this statute providing that certain actions therein described "and also actions of tort for bodily injuries or for death or for damage to property against

officers and employees . . . of any county, city or town, arising out of the operation of motor or other vehicles owned . . . by any such county, city or town . . . shall be commenced only within one year next after the cause of action accrues." The plaintiff contends, however, that the provision of this statute relating to actions arising out of the operation of motor vehicles is applicable only to such operation on public ways within the Commonwealth. The case presents no question with regard to operation without the Commonwealth. And there is no sufficient ground for reading into the statute a restriction of its application to operation on public ways.

The context of the clause in question and the history of the legislation furnish no such ground. The actions described in the clause immediately preceding this clause include "actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety." These actions, by force of the reference to such judgments, are limited to actions arising out of motor vehicle accidents on public ways within the Commonwealth. See G. L. (Ter. Ed.) c. 90, § 34A, as amended. But it does not follow that the same limitation applies to the actions described in the clause now in question. Whatever may have been true before St. 1934, c. 291, § 4, substituted in this clause the words "actions of tort for bodily injuries or for death or for damage to property" for the words "such actions," there is now nothing in the language of the clause incorporating therein any restriction made by the preceding clause. It is immaterial whether the amendment changed or merely clarified the law, and it is not to be assumed that the change in language was made inadvertently. The clause must be interpreted as it now stands. Moreover, the inclusion in the clause in question — resulting from the amendment of G. L. (Ter. Ed.) c. 260, § 4, by St. 1933, c. 318, § 5 — of actions arising out of the operation of vehicles "other" than motor vehicles furnishes some indication that the restrictions of the preceding clause are not carried over into this clause. Nothing in the statute relating to the indemnification of city and town employees

for expense and damages incurred by them as a result of claims arising out of the operation of "motor or other vehicles" owned by the city or town furnishes a reason for restricting the application of G. L. (Ter. Ed.) c. 260, § 4, as amended, to claims arising out of the operation of such vehicles on a public way. See St. 1934, c. 291, § 4. Without such restriction the statutes are consistent. Nor can it rightly be said that public policy or any evident legislative purpose requires an interpretation of the statute contrary to the natural meaning of its words.

*Order dismissing report affirmed.*